SnAvy C. J.
delivered the opinion of the Court. As the question in this case mainly depends upon the provisions and construction of the local laws of New York, the Court must seek for light and instruction in the judicial decisions of that State, and so far as they will afford it, implicitly follow them. We do not think it necessary to follow the learned counsel into the wide field of argument, which was opened, in the present case ; but under the peculiar circumstances of the case, called to consider the construction and legal effect of statute provisions of another State, the practical operation and exposition of which must be so much better and more familiarly known by the local tribunals, the Court feel that their duty will be best accomplished, by confining themselves to the questions necessary to the decision of the cause.
Two questions naturally present themselves, the decision of which will dispose of this cause : —
1. Whether the discharge pleaded, being a discharge under the insolvent laws of the State of New York, supposing it to be valid in that State, would be available as a good defence to the action in this State.
*587 2. Whether the proceedings were so far conformable to the .aws of that State, as to render the discharge valid and available, were the'action now pending in that State.
Without reconsidering the vexed question of the constitutionality and effect of a State insolvent law, or recapitulating the authorities, we consider the case of Ogden v. Saunders, 12 Wheat. 213, as an authority for the proposition, that a State insolvent law, when no general law passed by the Congress of the United States establishing a uniform system of bankruptcy is in force, is not per se, and by force of the clause in the constitution of the United States vesting in Congress the power of passing such law, unconstitutional and invalid ; but that the law of a State providing for the discharge of an insolvent debtor, upon the surrender of his property, so far as it operates upon contracts made after such law, within such State, by citizens thereof then resident therein, and which by their terms are to be performed and executed within the limits of such State, is valid and binding upon such citizens, and that a discharge obtained by a citizen of such State under such a law, is a valid discharge.[1] This proposition embraces the present case. It is founded on a contract made in New York after the passing of the insolvent law of that State, between citizens thereof, domiciled there, and by the terms thereof to be performed there. This particular action, indeed, is brought on a judgment rendered in this Commonwealth in 1823, but in looking into that judgment and the other evidence in the case, it is quite manifest, that when that suit was commenced and that judgment rendered, both parties were citizens of New York, and that the judgment was upon promises made and to be executed there. Although a judgment, to some purposes, is considered as a merger of the former, and as constituting a new cause of action, yet when the essential rights of parties are influenced by the nature of the original contract, the Court will look into the judgment for the purpose of ascertaining what the nature of such original cause of action was. Wyman v. Mitchell, 1 Cowen, 316. Any other decision would carry *588 the technical doctrine of merger to an inconvenient extent ana cause it to work injustice. If therefore the defendant has obtained a valid discharge in New York, that is, if all the proceedings have been such as to conform to the requisitions of the law of that State, so that it would have availed him as a valid discharge there, it must under the circumstances have the same effect in the courts of this State.
2. In considering whether the proceedings set forth in the plea in the present case, are sufficient to effect a discharge of this debt in the State of New York, it may be proper to observe, that no question has been raised upon the sufficiency of the plea, in substance or form ; but the question is, whether the evidence adduced and laid before the jury was sufficient to support the plea, and the issues taken upon it. To this question the attention of the Court has been particular!} drawn.
It has been contended, that although the statute of New York is sufficient to determine what shall be deemed competent and legal evidence in the courts of that State, yet here we are necessarily to be governed by our own rules of evidence. But we think this position is not tenable. The question is, whether the contract was effectually discharged by the law of New York ; and the same reason, upon which it is established, that in this Commonwealth we are bound, in certain cases, to give effect to the local law, and hold a discharge under certain circumstances valid, renders it proper and necessary to give effect to a rule of evidence accompanying and making part of it, and providing for the mode of proving such discharge, without which, in many cases, the discharge itself would be unavailing. The New York statute of April 12, 1813, under which this discharge was obtained, as contained in the late revised code, provides that every discharge obtained in the manner therein stated, shall be recorded, and the original discharge, the record thereof or a true manuscript thereof, duly authenticated, shall be conclusive evidence of the proceedings and facts therein contained. Such being the effect of the discharge there, we think it must have the same effect here.[1]
*589 But in order to give it this effect, as the court or magistrate before whom these proceedings are had, exercise a special and .imited authority, and constitute a tribunal of inferior jurisdiction, it must appear that they had jurisdiction. And so it appears to be held in New York. Service v. Heermance, 1 Johns. R. 91 ; Frary v. Dakin, 7 Johns. R. 75 ; Roosevelt v. Kellogg, 20 Johns. R. 208 ; Wyman v. Mitchell, 1 Cow-en, 316.
Then the question recurs, what facts are necessary to give the court or magistrate the jurisdiction vested in them by the statute. We think it must satisfactorily appear, that the magistrate acting holds the office, among the powers of which this authority is embraced, and that he must have jurisdiction of the person and of the subject matter, in the particular case ; that he has jurisdiction of the person, where it is shown that the party petitioning as an insolvent, is an inhabitant of the county,[1] and of the subject matter, where the proceedings are brought before him by a petition, purporting to be a petition by the insolvent in conjunction with persons holding two thirds of all the debts due from the insolvent to persons residing within the United States. I say, with creditors purporting to hold two thirds. And it appears to me, that this is all that can be required as preliminary proof, and in order to give jurisdiction, because, whether the debts are all really due, and to the amount stated, is one of the questions, and one of the most important questions, to be judicially inquired into and determined, after the court has acquired jurisdiction.[2] The statute provides, among other things, that upon such petition being presented, the judge shall proceed to hear the .proofs and allegations of the parties ; that parties opposing may require a jury trial, and the verdict in such case shall be conclusive ; and that if it shall satisfactorily appear, among other things, that the insolvent is justly indebted to the petitioning creditors, and that their debts amount to two thirds of all the debts due to persons in the United States, and that he has acted honestly &c., the judge shall direct an assignment.
*590 Such appears to us to be the practice in New Yoix. In Taylor v. Williams, 20 Johns. R. 21, it was objected that the specification of the cause and consideration of some of the petitioning creditors’ debts, was not sufficiently full and precise to satisfy the requirements of the statute ; but the court held, that if it was particular enough fairly to apprize the creditors of the insolvent, of the general ground of indebtedness, and give them a clue to inquiry, it was sufficient. And they distinguished this from another case cited, where a more exact specification had been held necessary, by this consideration, that in cases of insolvency, the opposing creditor has his day to appear and investigate at the hearing before the judge. It might lead to fraud, were the creditor to lie by and not oppose a discharge, and then after the discharge and after the debtor had acquired new credit, to fall upon him and strip him of the property with which new creditors had intrusted him.
From this view of the statute provisions of New York and the practice under them, the question whether the petitioning creditors, do in fact, hold debts to the amount of two thirds, is one of the facts to be judicially tried and determined by the judge or court, in some of the modes pointed out by the statute. It appears to us that it would be preposterous to hold, that, after these judicial proceedings and an inquiry into the reality of the petitioning creditors’ debts, as a part of them, if the debts of the petitioning creditors should be reduced below two thirds, and the adjudication should consequently be a refusal of the judge to order an assignment and grant a discharge, all the previous proceedings were coram non judice, that all officers serving process had acted without authority, that witnesses testifying falsely would not be indictable for perjury, and that all the consequences would follow, which attach to a case where a court or magistrate acts without jurisdiction. If he had jurisdiction, then it follows that whether there were two thirds or not among the creditors, was a fact to be judicially tried and proved, and one upon which the adjudication of the magistrate was conclusive, and one, of which the discharge setting forth that such fact was satisfactorily proved, is conclusive evidence. And it follows as another consequence, that this decision, being the adjudication of a court of compe *591 tent jurisdiction, must stand unimpeached, unless set aside or reversed by certiorari or other proper process, or unless avoided for some of the causes set forth in the act itself, none of the latter of which were set up in the present case.
Here it was proved by evidence independent of the discharge and of the insolvent proceedings, that Mr. Justice Miller was the first justice of the county of Columbia, that Oliver Bagley was an inhabitant of that county, that he did apply by a petition purporting to be the petition of an insolvent debtor conjointly with those who were two thirds in amount of his creditors within the United States. The discharge and other insolvent proceedings purport to have been recorded by the clerk of the county of Columbia, and they are authenticated by the present clerk of that county ; and though an ohjection was taken at the trial, to the exemplification of these proceedings, as not being properly authenticated, yet that objection was afterwards waived. The statute, in terms, confers the authority, on the subject of insolvents, upon the first judge of each county court. It appears to us, therefore, that enough is shown by evidence aliunde, to prove that the judge had jurisdiction under the statute, and that all the other material facts necessary to give validity and effect to the discharge, are proved by the discharge itself, in which they are set forth.
' This conclusion is much strengthened by the case of Cunningham, v. Bucklin, 8 Cowen, 178. The question was as to the conclusive nature and character of insolvent proceedings before a commissioner. In giving the opinion, Mr. Chief Justice Savage says : — “ There is no question arising here as to jurisdiction. The commissioner had, by statute, jurisdiction of the subject matter. By the petition and oath of Shepherd (the insolvent) he acquired jurisdiction of his person. The subsequent proceedings, if irregular, are voidable, but not void. They may be reversed on certiorari ; but while they remain matter of record, and conclusive evidence, tne facts stated in the discharge cannot be controverted.”
Some doubts arose as to the regularity of the commencement of these proceedings, from the fact, that some of the petitions of the petitioning creditors were addressed to a mag *592 istrate other than Mr. Justice Miller, having the like jurisdiction at the time, and that two or three years elapsed between the date and the presentation of these petitions, within which great changes in the state of their debts may have taken place. But in answer to the latter objection, it appears that the law has not fixed any time within which the petition shall be acted upon after it is signed ; and this is perhaps the less material, because it must be made to appear by satisfactory proof, that the debts of petitioning creditors did remain at the time of the presentation of the petition, at least to the extent of two thirds of all the debts of the insolvent, otherwise no discharge can be obtained. And as to the other part of the objection, it is manifestly the object of the law to require, that the petitioner shall show that his petition is supported by the concurrence of two thirds of all his domestic creditors. The jurisdiction is vested in several different judges and magistrates, to either of whom application may be made. The statute itself provides how the proceedings shall be continued, when the magistrate before whom they were commenced, shall decease before they are completed. But until they are commenced, it is within the option of the petitioner, to present his petition to any one of the several magistrates on whom this jurisdiction is conferred. As the expression of the assent and desire of the creditors, that the insolvent shall make an assignment, and that proceedings shall be had according to the statute, is of the substance of the creditors’ petition, and the particular magistrate to whom it is addressed, matter of form, and as some time must necessarily elapse, after these petitions are begun to be signed, before the two thirds can be completed, during which some of the magistrates having this jurisdiction may go out of office, we are of opinion that such a petition must be deemed substantially to express the concurrence of the creditors, in the petition of the insolvent to any magistrate having jurisdiction of the subject. We have perhaps felt the more ready to abide by this conclusion, from the consideration, that if this objection be a valid one, of which the local tribunals are far more competent to judge, it is one which lies at the bottom of the whole proceedings, and presents itself prominently upon thq *593 face of the record, and therefore the proceedings might at once nave been vacated upon a writ of certiorari.
The view which we have taken of the question of jurisdiction, and the conclusive effect of the proceedings,, precludes many of the points raised at the argument, upon the existence and amount of many of the petitioning creditors’ debts, the correctness of the mode of computing interest, and the competency and sufficiency of the proof of the insolvent’s residence. Considering the jurisdiction of the judge to be established, and his proceedings within his jurisdiction as conclusive, we of course cannot inquire into the regularity of any of the proceedings before him, but are bound to conclude that they were regularly and rightly conducted.

Judgment for the defendant.

 See Bigelow v. Pritchard, 21 Pick. 169; Burlock v. Taylor, 16 Pick. 335; Agnew v. Platt, 15 Pick. 417; Pitkin v. Thompson, 13 Pick. 64 ; Frey v. Kirk, 4 Gill & Johns. 509.

 Sue Barber v. Winslow, 12 Wend. 102.

 See Agnew v. Platt, 15 Pick. 417.

 See Cowen’s note 694, lo 1 Phillips on Evi. 380.